## City of Louisville *vs* Roupe.

ERROR TO THE LOUISVILLE CITY COURT.

*Forestalling.  Ingrossing.*

JUDGE MARSHALL delivered the opinion of the Court.

CHANCERY.

*Case* 136.

*July* 6.

The principal question in this case is, whether the or- The case stated. dinance of the city of Louisville, under which she sought to recover a penalty of $4 against the defendant, Roupe, is valid.

The first section of an act of 1840, to amend the charter of the city of Louisville, authorizes the Mayor and Council, by ordinance, to define the the the offence of forestalling, regrating or engrossing, and more effectually to suppress the same by adequate fines and penalties, &c. The 10th section of an ordinance relating to the market, prohibits, under a penalty of $20, the sale or offer for sale, within any of the market houses, &c. and during market hours, of articles of provision or other kind of marketing, which was sold, purchased, or forestalled at any place within the city.  The 11th section of the same ordinance prohibits, under a penalty of $4, any person residing within the city, from occupying any part of the market houses, &c. during market hours, for the purpose of selling or offering for sale, any provisions, &c., or any kind of marketing, except vegetables of their own growth, meat of their own slaughtering, or flour, meal or sausage of their make.

It is objected to the 11th section, under which the penalty is now demanded, that it does not define the offence of forestalling, or regrating or engrossing, and that it does not prohibit either of these offences, but only denounces penalties against citizens of Louisville, for certain acts. And that if it did prohibit either of these offences, its penalties should be denounced against all who commit them, and not against the citizens of Louisville alone.

But if certain acts are prohibited under a penalty, the The Mayor and designation of those acts is a definition of the offence. Council of Louisville have the

power to define
the acts which
they intend to
prevent by their
ordinances, and
the act defined
is the offence.

Besides the Mayor and Council have power, not only to define the offences named, but also to pass ordinances for the more effectual suppression of the same, by fines, &c. The 10th section of the ordinance evidently intends to prevent and suppress the offences of forestalling, regrating and engrossing, by punishing any person whatever, who shall sell, or offer to sell, at the market, any marketing, &c., which had been before sold, purchased or forestalled within the city. The 11th section is obviously directed to the same object, and intends to prevent and suppress these offences by punishing citizens of Louisville for selling or offering at market, articles not produced or prepared by themselves.

The Mayor and
Council of Lou-
isville have not
provided for fore-
stalling without
the city, nor
within the city,
except so far as
that is done by
prohibiting a re-
sale within the
city of articles
bought without
by citizens.

The Mayor and Council have not, in these ordinances, attempted to punish the offence of forestalling, when committed outside of the city, nor have they punished directly, the offence of forestalling within the city; but they endeavor to prevent this latter offence by prohibiting and punishing the sale of articles at market, which have been forestalled within the city; and they endeavor to prevent the former by prohibiting citizens from selling at market, any thing which, not being produced or prepared by themselves, may have been forestalled, that is, purchased on its way to market. Then, regrating is buying and selling in the same market, or within four miles of the place; and engrossing is the getting into one's possession, or buying up large quantities of corn or other dead victuals, with intent to sell them again; and the 11th section is directed to the prevention of these offences.

It is no objection to these ordinances, that they do not profess nor attempt to prevent these offences, in every shape in which they may be committed. The presumption is, that the city Council have exercised such power as they supposed themselves to have, to such extent as they deemed requisite or advantageous for the city, and that they have prohibited and denounced penalties against these offences, when practised in such forms as they deemed most injurious to the interests placed under their charge. It might not be deemed injurious to allow persons out of the city, to collect, by purchase or otherwise, the marketing articles of their neighbors and sell them in

the market of the city, while it might be deemed injurious as tending to greater evil, to allow citizens to do the same thing. With the policy of the discrimination we have nothing to do. But the presumption is, that' if it was found to be injurious to the body of the citizens, it would be repealed or modified.

<div style="float:right;">City of Louis-<br>ville<br>vs<br>Rouse.</div>

The question is, whether the city Council have power to prohibit and punish the sale in market by a citizen, of marketing articles not produced or prepared by himself. The prohibited act implies necessarily, that the articles have been, by some means, collected for the purpose of selling them in the market, which in reference to particular articles, might constitute regrating or engrossing. It furnishes, also, a presumption that the articles have been purchased or contracted for on their way to market, which may constitute the offence of forestalling. It may tend, also, to enhance the price in market, which is the great evil apprehended from each of these offences, and the city Council has power to extend the definition of the offence for the very purpose of preventing this evil. We are of opinion, therefore, that the selling at market of articles not produced or prepared by the vendor, is so closely connected with the offences mentioned in the statute, even according to their definition by common and statute law, and constitutes so palpable and convenient a means of committing those offences, if they do not constitute the offences themselves, that under the power of defining and suppressing them, the Mayor and Council were authorized to prohibit and denounce penalties against such selling; and that even if they might have included in the prohibition other persons besides citizens, they were not bound to do so.

<div style="float:right;">The Mayor and Council have the power to inflict penalties on its citizens for vending at market articles not the product of the vendor.</div>

Wherefore, as the evidence proved, without contradiction, that the defendant, a resident of the city of Louisville, did on the day mentioned in the warrant, sell in the market, in market hours, large quantities of turkeys, chickens, eggs, &c., and was in the habit of doing so on other market days, and there was no evidence, nor, upon these facts, any presumption bringing him within the exception in the ordinance, if as to all the articles he could be brought within the exception, we are of opinion.

that judgment should have been rendered against him for the penalty, and that the Police Court erred in dismissing the warrant.

. The judgment is, therefore, reversed, and the cause remanded for further proceedings.

*Wolfe* for plaintiff: *Guthrie* for defendant.